FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES A. C.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

No.   2:17-CV-00417-SMJ

**ORDER RULING ON MOTIONS
FOR SUMMARY JUDGMENT**

Plaintiff James A. C. appeals the Administrative Law Judge's (ALJ) denial of his application for Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits. ECF No. 1 at 2. He also challenges the Appeal Council's denial of review. *Id.* He contends both decisions were not supported by substantial evidence. *Id.* Defendant Commissioner of the Social Security Administration (Commissioner) asks the Court to affirm the ALJ's decision. ECF No. 8 at 3.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. Upon reviewing the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 1

reasons set forth below, the Court concludes that although the ALJ properly weighed Plaintiff's subjective symptom testimony, he erred by not properly weighing all the medical opinions and vocational expert testimony. Accordingly, the Court denies the Commissioner's motion, and grants Plaintiff's motion. The Court reverses and remands for further proceedings.

## I.    BACKGROUND[1]

Plaintiff filed an application for SSD and SSI on May 9, 2014, alleging disability beginning June 1, 2012.[2] Administrative Record[3] (AR) 22. His claim was denied initially and upon reconsideration, and Plaintiff filed a written request for a hearing. *Id.* A hearing was held in Wenatchee, Washington before ALJ Mark Kim on July 28, 2016. *Id.* The ALJ issued an unfavorable decision on September 22, 2016. The Appeals Council denied Plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner subject to judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff timely appealed to this Court. ECF No. 1.

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

[2] Plaintiff, through his representative, amended his alleged disability onset date to June 9, 2014. AR 22. Nonetheless, the ALJ examined Plaintiff's alleged disability onset date as June 1, 2012. *See id.*

[3] The Administrative Record is filed at ECF No. 9. The Court refers to the record using the provided page numbers to avoid confusion and to maintain consistency with the parties' briefs.

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 2

## II.   STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards (i.e., free of legal error) and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)); 42 U.S.C. § 405(g). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## III.   ALJ FINDINGS[4]

At <u>step one</u>, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2012, the alleged onset date. AR 24.

At <u>step two</u>, the ALJ concluded that Plaintiff had a medically determinable impairment that was "severe," or a combination of impairments that were "severe."

---

[4] The applicable five-step disability determination process is set forth in the ALJ's decision and the Court presumes the parties are well acquainted with that standard. Accordingly, the Court does not restate the five-step process in this Order.

*Id.*; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). Specifically, the ALJ found the following severe impairments: degenerative disc disease of the lumbar spine, right clavicle (shoulder) malunion, alcoholic liver disease, alcohol dependence, anxiety disorder, and mild neurocognitive disorder. AR 24.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. *Id.* 25.

At step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b). *Id.* 27. The ALJ imposed the following limitations:

> [Plaintiff] can only occasionally perform push and pull operations with the right dominant hand. He can never crawl or climb ladders, ropes, or scaffolds but can occasionally stoop, crouch, and climb ramps and flights of stairs. He can only occasionally reach overhead with the right dominant extremity. He should avoid all exposure to extreme cold as well as excessive noise, dangerous moving machinery, and unprotected heights. He would be limited to simple routine tasks with only occasional changes in the work setting.

*Id.*

In doing so, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical experience and other evidence." *Id.* The ALJ also considered opinion evidence. *Id.*

At step five, the ALJ found there are jobs existing in significant numbers in the national economy that Plaintiff can perform considering his residual functional

capacity, age, education, and work experience. *Id.* 33–34. As such, the ALJ found that Plaintiff was not disabled. *Id.* 34.

## IV.   ANALYSIS

In her summary judgment motion, the Commissioner argues that the ALJ appropriately examined: (1) Plaintiff's subjective symptom testimony, (2) the medical opinion evidence, and (3) the vocational expert testimony. ECF No. 13. And, the Commissioner argues, the ALJ's findings are supported by substantial evidence and are free of legal error. *Id.* Plaintiff, on the other hand, contests that the ALJ appropriately examined all three. ECF No. 12.

**A.      The ALJ properly considered Plaintiff's Subjective Symptom Testimony.**

Commissioner argues that the ALJ appropriately considered Plaintiff's subjective symptom testimony before rejecting it as inconsistent with the record. ECF No. 13 at 3–5. Plaintiff argues that the ALJ improperly rejected his subjective complaints without providing clear and convincing reasons. ECF No. 12 at 15–18. The Commissioner is correct.

Because pain can impose significant limitations on a claimant's ability to engage in gainful activity, subjective pain testimony is an important factor in the disability determination process. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). An ALJ is not required to believe pain testimony and may disregard it

if there are no objective medical findings that could reasonably be expected to cause some pain. *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993).

On the other hand, if medical evidence indicates an objective basis for pain and related symptoms (i.e., association with a clinically demonstrated impairment), and no evidence suggests the claimant was malingering, then the reasons for rejecting the claimant's subjective testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989); *see Varney v. Sec'y of Health & Human Servs.*, 846 F.2d 581, 584 (9th Cir. 1988), *rev'd on other grounds upon reh'g*, 859 F.2d 1396 (9th Cir. 1988). And, the ALJ must justify his decision with specific findings. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989). This applies even if the claimant testifies that the pain experienced is greater than what the impairment would be expected to produce (i.e., "excess pain testimony"): the ALJ, in disbelieving or disregarding that testimony, must still justify his decision with specific findings. *Varney*, 846 F.2d at 584.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence." AR 27–28. In other words, the ALJ found that there *was* an objective basis for pain and

related symptoms. The ALJ also seemed to suggest that Plaintiff's testimony consisted of "excess pain testimony."

The main issue is whether the ALJ further justified his decision with specific findings. Plaintiff argues that the ALJ failed to identify what other testimony was credible and what was not, and how that undermined Plaintiff's own credibility. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). To the contrary, the Court concludes that the ALJ properly articulated why he gave credit to testimony where due, and rejected it otherwise.

For example, the ALJ noted that "there has been no indication the claimant's hernia and back pain complaint history causes any further reduction in his residual functional capacity than already accommodated by a light level capacity." AR 29. In another example, the ALJ noted that for claimant's reports of hearing loss, testing did in fact suggest some hearing loss, and therefore, the ALJ included a limitation for noise exposure. *Id.* The ALJ also pointed to the lack of evidence indicating that Plaintiff would be unable to perform even light work, given his apparent ability to engage in certain activities such as yard work and rafting. *Id.* 28–29.

Therefore, the record reveals the ALJ made specific findings that effected findings of limitations for work-related activities. Accordingly, the ALJ did not err.

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 7

1

2

3 **B.** **The ALJ did not properly weigh all the medical opinion evidence.**

4 The Commissioner argues that the administrative decision appropriately

5 addressed medical source evidence. ECF No. 13 at 5. Plaintiff argues that the ALJ

6 failed to adequately consider the opinions of Plaintiff's treating medical providers

7 (1) John Arnold, Ph.D., an examining psychologist, and (2) Phylicia Hancock-

8 Lewis, Advanced Practice Registered Nurse (ARNP), as contained in the medical

9 records. ECF No. 14 at 5–9. The ALJ accorded "no particular weight" to Dr.

10 Arnold's assessment, AR 32, and accorded "little weight" to Nurse Hancock-

11 Lewis' opinion, AR 31.

12 There are three types of physicians: "(1) those who treat the claimant

13 (treating physicians); (2) those who examine but do not treat the claimant

14 (examining physicians); and (3) those who neither examine nor treat the claimant

15 [but who review the claimant's file] (non-examining physicians)." *Holohan v.*

16 *Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001).

17 Generally, a treating physician's opinion carries more weight than an

18 examining physician's, and an examining physician's opinion carries more weight

19 than a nonexamining physician's. *Id.* at 1202. "In addition, the regulations give

20 more weight to opinions that are explained than to those that are not, and to the

1  opinions of specialists concerning matters relating to their specialty over that of

2  nonspecialists." *Id.*

3      If a treating or examining physician's opinion is uncontradicted, the ALJ

4  may reject it only by offering "clear and convincing reasons that are supported by

5  substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

6  On the other hand, "[i]f a treating or examining doctor's opinion is contradicted

7  by another doctor's opinion, an ALJ may only reject it by providing specific and

8  legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at

9  1216 (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)).

10      However, "the ALJ need not accept the opinion of any physician, including

11  a treating physician, if that opinion is brief, conclusory and inadequately

12  supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

13  1219, 1228 (9th Cir. 2009) (citation and alteration omitted).

14      **1.    Dr. Arnold**

15      On April 23, 2013, Dr. Arnold opined through checkbox form that Plaintiff

16  had marked limitations in his ability to "perform activities within a schedule,

17  maintain regular attendance, and be punctual within customary tolerances without

18  special supervision;" "adapt to changes in a routine work setting;" and "complete

19  a normal workday and workweek without interruptions from psychologically

20  based symptoms." AR 302.

The ALJ gave Dr. Arnold's assessment of limitations "no particular weight" because "it was over a year prior to the claimant's amended onset date and contained very little information." AR 32.

**a.      Opinion predating the alleged onset of disability.**

In an unpublished opinion, the Ninth Circuit noted the tension between its case law, acknowledging that while "medical opinions that predate the alleged onset of disability are of limited relevance," the Social Security Administrations' regulations require the ALJ to "consider all medical opinion evidence." *Williams v. Astrue*, 493 F. App'x. 866 (9th Cir. 2012) (quoting *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008), and *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).

On review of the relevant case law in this and other circuits, the Court is persuaded that an ALJ may not reject medical evidence solely because it predates the alleged date of the onset of disability. *See, e.g.*, *McQueen v. Colvin*, No. 3:15-cv-05893 JRC, 2016 WL 4009850 (W.D. Wash. July 27, 2016) (surveying relevant case law). Nonetheless in some cases, the time elapsed between the medical opinion and the onset may be sufficient to discount its relevance.

But where, as here, the time elapsed is a little over a year, the ALJ must provide an adequate basis for rejecting the opinion, other than the fact of elapsed

time itself. Otherwise, the ALJ commits legal error. Here, the ALJ also explained that the opinion contained very little information.

### b. Opinion containing very little information.

Indeed, an ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is conclusory and inadequately supported by clinical findings. *See Bray*, 554 F.3d at 1228. Here, Dr. Arnold marked in checkbox form certain limitations in Plaintiff's ability to engage in activities. AR 302. While the fact that a checkbox form was used may be insufficient to reject a treating physician's opinion, Dr. Arnold did not elaborate, cite to Plaintiff's medical record, or detail any clinical findings. As such, the ALJ did not err in according no particular weight to Dr. Arnold's opinion.

In any case, the Court agrees with the Commissioner that the ALJ decided what weight to accord Dr. Arnold's opinion by looking at the record as a whole. *See* ECF No. 13 at 5. An ALJ may discredit a treating physician's opinion that is unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Dr. Arnold's opinion is contradicted by other medical sources, including examining psychologist Dr. MacLennan and hearing medical expert Ellen Rozenfeld, Ph.D. AR 27–32. And, by according Dr. Arnold's assessment no particular weight, the ALJ instead accorded the rest of the medical sources more weight based on

specific and legitimate reasons supported by substantial evidence. *See Bayliss*, 427 F.3d at 1216.

Specifically, Dr. MacLennan "had the opportunity to examine the claimant in person and her assessment comports with her examination findings." AR 32. And Ellen Rosenfeld "had the entire record for review and her assessment is supported by claimant's overall medical record, which fails to support a finding of any significant functional limitations despite his diagnoses." *Id.* As such, the ALJ properly weighed Dr. Arnold's medical opinion evidence.

### 2. Hancock-Lewis, ARNP

The ALJ did not do the same for Nurse Hancock-Lewis' opinion. On October 29, 2015, Nurse Hancock-Lewis opined that Plaintiff was limited to two hours of standing and walking in an eight-hour work day, and that he should not lift more than twenty pounds on a consistent basis. AR 386–87. Nurse Hancock-Lewis also opined that it would be extremely difficult for Plaintiff to maintain concentration, persistence, and pace in the work place, and that without constant and vigilant supervision and reminders, Plaintiff's memory problems would make him completely unemployable. *Id.* 387.

The ALJ assigned "little weight" to Nurse Hancock-Lewis' opinion because "although she had somewhat of a treating relationship with the claimant, her treatment notes with the claimant repeatedly indicated that the claimant's x-rays

showed only minimal degeneration and the claimant otherwise only presented for treatment on a very limited and isolated basis." *Id.* 31. Indeed, Nurse Hancock-Lewis' x-ray records indicate "early," "mild," and "minor" degenerative changes. *Id.* 367–70.

However, regardless of how often Plaintiff presented for treatment with Nurse Hancock-Lewis,[5] he sought treatment and monitoring for conditions other than his lumbar and abdominal region, such as memory loss. While Plaintiff alleged disability due to back and abdominal hernia, he also claimed disability for memory loss. *Id.* 220. By assigning Nurse Hancock-Lewis' opinion little weight based on the internal inconsistency with the x-ray results, which did not capture Plaintiff's memory loss, the ALJ failed to consider the medical record as a whole. Thus, his decision was incomplete and not supported by substantial evidence.

### a. The ALJ's error was not harmless.

Moreover, the ALJ's error was not harmless. Harmless error analysis applies to Social Security disability cases. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015); *Molina*, 674 F.3d at 1115. "The nature of that application is fact-intensive—'no presumptions operate' and '[the reviewing court] must analyze harmlessness in light of the circumstances of the case.'" *Marsh*, 792 F.3d at 1172

---

[5] This articulated reason was especially puzzling because it appears to the Court that Plaintiff sought out Nurse Hancock-Lewis' treatment most consistently. *See* ECF No. 12 at 3–8.

(quoting *Molina*, 674 F.3d at 1121). The more serious an ALJ's error, the more difficult it is to show the error was harmless. *Id.* at 1173.

Ninth Circuit "precedents have been cautious about when harmless error should be found, even though the analytical framework itself applies broadly." *Id.* at 1170. "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Accordingly, the Court must consider whether the ALJ's error was "'inconsequential to the ultimate nondisability determination' in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (quoting *Carmickle*, 533 F.3d at 1162).

Here, the Court cannot confidently conclude that no reasonable ALJ, when fully crediting Nurse Hancock-Lewis' testimony, could have reached a different disability determination. As already noted, a treating source's medical opinion is given more weight than that of a nontreating source. While a large portion of Nurse Hancock-Lewis' treatment records notate Plaintiff's subjective reports of his own symptoms, the ALJ must still properly consider her opinion using the requirements of 20 C.F.R. sections 404.1527 and 416.927. By failing to do so, the ALJ erred.

1

## C.     Vocational Expert Testimony

Lastly, the Commissioner argues that the ALJ's hypothetical question to the vocational expert based on the limitations he identified, and the ALJ's subsequent reliance on the expert's testimony, was proper. ECF No. 13 at 6–7. Plaintiff argues that the hypothetical question was incomplete and therefore, the ALJ's reliance on the expert's testimony was improper. ECF No. 12 at 18–19. The Court agrees with Plaintiff.

When an ALJ poses a hypothetical question to the vocational expert that contains all the limitations that the ALJ found credible and supported by substantial evidence, reliance on the expert's testimony is proper. *See Bayliss*, 427 F.3d at 1217. Through the vocational expert's testimony, the ALJ can meet his burden to identify specific jobs existing in substantial numbers that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

Here, remand is appropriate in light of the Court's conclusion that the ALJ failed to properly weigh Nurse Hancock-Lewis' opinion, which may affect the ALJ's limitations findings. Because the ALJ's hypothetical question was incomplete, the ALJ erred.

## V.    CONCLUSION

For the foregoing reasons, the Court reverses and remands for further proceedings. On remand, the ALJ may further develop the impact, if any, of Plaintiff's drug and alcohol use on his limitations and alleged memory loss.

Accordingly, **IT IS HEREBY ORDERED**:

**1.**    Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

**2.**    Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

**3.**    The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Plaintiff.

**4.**    The Court **REVERSES AND REMANDS** the matter to the Commissioner of the Social Security Administration.

**5.**    All pending motions are **DENIED AS MOOT**.

**6.**    All hearings and other deadlines are **STRICKEN**.

**7.**    The Clerk's Office is directed to **CLOSE** this file.

//

//

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 16

1    **IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order

2    and provide copies to all counsel.

3        **DATED** this 27th day of August 2018.

4                    _____

5                    SALVADOR MENDOZA, JR.
                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20